# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA SCHMID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO: |
| v. ) | 1:11-CV-4533-RLV-ECS |
| ) | |
| DEKALB COUNTY ) | |
| SCHOOL DISTRICT, ) | |
| ) | |
| Defendant, ) | |

## DEFENDANT DEKALB COUNTY SCHOOL DISTRICT'S RESPONSE BRIEF IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO FILE RESPONSE OUT OF TIME

COMES NOW, DeKalb County School District ("Defendant"), by and through its undersigned attorney of record, files this Response Brief In Support of Its Opposition to Plaintiff's Emergency Motion to File Response Out Of Time pursuant to Local Rule 7.1(B).

[1]

## I.     FACTS

1.     Cynthia Schmid ("Plaintiff") worked for Defendant until she was recommended for non-renewal on May 24, 2010.  [See Plaintiff's Amended Complaint ("Amended Compl."), Doc. 22, ¶ 13].

2.     On July 15, 2010, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of age under the Age Discrimination in Employment Act, 29. U.S.C. §§ 621 *et seq.* ("ADEA").  [Amended Compl., Doc. 22, ¶ 2].  The EEOC made a no-cause determination and issued a Notice of Right to Sue ("Notice") on September 27, 2011.  [Amended Compl., Doc. 22, ¶ 7].

3.     Plaintiff alleges discrimination on the basis of age and race in violation of the ADEA, 42 U.S.C. § 1983 ("§ 1983")[1] and 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and hostile work environment on the basis of age and race in violation of Title VII.  [See Amended Compl., Doc. 22, ¶¶ 1 and 3].

4.     On April 17, 2012, this Honorable Court granted Plaintiff leave to file an amended Complaint.  [Doc. 21, p. 3].  Plaintiff, with leave, filed an Amended Complaint on April 17, 2012.  [Doc. 22].  On April 30, 2012, Defendant filed a

---

[1] Plaintiff now withdraws her 42 U.S.C. § 1983 claim.  [See Proposed Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Doc. 35-2, p. 17].

Motion to Dismiss Plaintiff's Amended Complaint. Said Motion is still pending before this Honorable Court. [Doc. 24].

5. On August 6, 2012, Plaintiff filed her Emergency Motion for Leave to File Response Out of Time ("Emergency Motion"), in which Plaintiff requested this Court to allow Plaintiff to file a response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, some three (3) months after the Motion to Dismiss was filed. [Doc. 35].

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A.   THIS HONORABLE COURT SHOULD NOT WAIVE ITS RULES TO ALLOW PLAINTIFF'S COUNSEL TO FILE A RESPONSE MORE THAN 84 DAYS LATE, BECAUSE THERE IS NO GOOD CAUSE TO DO SO.

The Local Rules of this Court prescribe the time in which to file an opposition to a party's motion. See N.D. Ga. Local R. 7.1(B). Pursuant to N.D. Ga. Local R. 7.1(B), Plaintiff has fourteen (14) days to respond to a motion. Plaintiff relies on Stubbs v. Bank of America, 844 F. Supp. 2d 1267 (N.D. Ga. 2012), to convince this Court that Plaintiff is entitled to file a Response to Defendant's Motion to Dismiss, some ninety-eight (98) days later. Stubbs, however, is distinguishable. First, there is no reason, justification, or excuse for

Plaintiff's late response.[2]  Instead, Plaintiff urges this Court to waive its rules on the mere basis of Plaintiff's unjustified request.  While this Court has the discretion to waive its rules, there is no justification or good cause to warrant waiver of this Court's rules in this circumstance.  Moreover, Plaintiff is represented and should not be given such leniency to file a response to a motion that was filed a quarter of a year ago.

Plaintiff also relies on Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993) and In re Worldwide Web Sys., Inc., 328 F.3d 1291 (11th Cir. 2003), which are not directly applicable since they involve the standards under Fed. R. Civ. P. 60.  Nevertheless, the Eleventh Circuit, recognizing that deciding cases on the merits is important, still upheld the default judgment entered in the lower court due to a party's failure to timely respond to a complaint.  See In re Worldwide Web Sys., Inc., 328 F.3d 1291 (11th Cir. 2003).

Plaintiff has no good cause for waiting a quarter of a year to request permission to file a response to Defendant's Motion to Dismiss, and thus, her instant Emergency Motion should be denied.

---

[2] For example, in other cases, including Stubbs, 844 F. Supp. 2d 1267, Proche v. DeRoche, Case No. 3:08cv484/MCR/EMT, 2011 U.S. Dist. LEXIS 146082, *7 (N.D. Fla. 2011), and Chen v. Siemens Energy Inc., Case No. 6:10-cv-1330-Orl, 2011 U.S. Dist. LEXIS 53907, *3 (M.D. Fla. 2011), there was good cause shown, allowing an out of time response.

**B.    THIS HONORABLE COURT SHOULD NOT WAIVE ITS RULES TO ALLOW PLAINTIFF'S COUNSEL TO FILE A RESPONSE MORE THAN 84 DAYS LATE, BECAUSE PLAINTIFF'S PROPOSED RESPONSE WILL BE FUTILE.**

Plaintiff filed her Proposed Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Proposed Response") as an exhibit to her her Emergency Motion. [Doc. 35-2]. In her Proposed Response, Plaintiff fails to overcome Defendant's arguments that Plaintiff's Amended Complaint should be dismissed. For example, Plaintiff alleges she was discriminated on the basis of race, a legal conclusion, but she states only facts relative to age discrimination. Specifically, Plaintiff states, "Defendant granted contracts to younger, teachers without proper certifications. [See Proposed Response, Doc. 35-2, p. 15]. Furthermore, Plaintiff still attempts to pursue punitive damages while simultaneously recognizing that punitive damages are not allowed under the ADEA. [See Proposed Response, Doc. 35-2, p. 17-18].

Plaintiff also fails to provide sufficient facts to allow this Court to infer that Plaintiff was subjected to a hostile working environment on the basis of any protected trait. Instead, Plaintiff alleges general harassment not relative to her race or age. Furthermore, Plaintiff failed to plead facts sufficient to infer that the

alleged harassment was severe or pervasive.  See McCann v. Tillman, 526 F.3d at 1378.  In McCann, the employee alleged:

> White employees made derogatory racial comments about blacks, harsher discipline was received by black employees, and complaints of discrimination were subject to retaliation and not investigated. According to McCann, however, the only racially insensitive comments she heard between 2003 and 2005 were when Bounds called her girl and called two male black employees boys. McCann also alleges that, at some time prior to 2003, out of McCann's hearing, Tillman referred to a former black employee as a nigger bitch and declared that he had never received the nigger vote and that he didn't want it.

Id. at 1378-79 (internal quotations omitted).  The court held that this conduct, while offensive, was not sufficient to establish a hostile work.  Specifically, the court stated that this "environment extending over a period of more than two years, are too sporadic and isolated to establish that her employers' conduct was so objectively severe or pervasive as to alter the terms and conditions of [the plaintiff's] employment."  Id. at 1379.

Plaintiff has not alleged any fact that indicates that the events in her Amended Complaint, even if true, were related to Plaintiff's race or age.  Nor has Plaintiff alleged that these events happened more than sporadically.  Thus, these occurrences, even if rude or unprofessional are, on their face, unrelated to Plaintiff's race or age and insufficient to establish a hostile work environment.  See

Turner v. Ga. Sec'y of State, Case No. 5:10-CV-187(MTT), 2012 U.S. Dist. LEXIS 10763 *44-45 (M.D. Ga. 2012).

Furthermore, this conduct, even if true, is not nearly as egregious or offensive as the conduct in McCann, which the court held not to be severe or pervasive.  See Barrow v. Georgia Pacific Corp., 144 Fed. Appx. 54, 56 (11th Cir. 2005) (holding that "Only when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the employment and create an abusive working environment, is the law violated."); Turner v. Ga. Sec'y of State, Case No. 5:10-CV-187(MTT), 2012 U.S. Dist. LEXIS 10763 *43 (M.D. Ga. 2012) (stating that "It is not sufficient to merely highlight a couple of utterances, even a couple of racial slurs, as evidence of a hostile work environment; instead, the workplace must be permeated with discriminatory intimidation, ridicule, and insult).

Lastly, Plaintiff has not pled any facts to show an interference with her employment.  Plaintiff has not pointed to any facts that indicate that her job performance declined or that she had to miss work due to the alleged harassment. See Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1320 (N.D. Ga. 2009).

As shown by the above examples, Plaintiff's Proposed Response does not overcome the arguments averred by Defendant, in its Motion to Dismiss. Consequently, Plaintiff's Proposed Response is futile.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court grant Defendant's Motion to Dismiss, deny Plaintiff's Emergency Motion for Leave to File Response Out of Time, and award Defendant all of the costs of these proceedings.

Respectfully submitted, this 20th day of August, 2012.

>	*/s/ Dominique A. Martinez*
>	Dominique A. Martinez, Esq.
>	Georgia Bar No.430323
>	Attorney for Defendant
>	DeKalb County School District

ALEXANDER & ASSOCIATES
951 Edgewood Avenue, N.E.
Atlanta, Georgia 30307
(404) 614—0001 TELEPHONE
(404) 614—0009 FACSIMILE

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1**

I hereby certify that this DEFENDANT DEKALB COUNTY SCHOOL DISTRICT'S RESPONSE BRIEF IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO FILE RESPONSE OUT OF TIME has been prepared in double-spaced, 14-point Times New Roman font with 1.5" and 1" margins approved by LR 5.1

        */s/ Dominique A. Martinez*
Dominique A. Martinez, Esq.
Georgia Bar No. 430323
Attorney for Defendant
DeKalb County School District

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CYNTHIA SCHMID,** ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO:** |
| v. ) | **1:11-CV-4533-RLV-ECS** |
| ) | |
| **DEKALB COUNTY SCHOOL** ) | |
| **DISTRICT,** ) | |
| **Defendant.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT DEKALB COUNTY SCHOOL DISTRICT'S RESPONSE BRIEF IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO FILE RESPONSE OUT OF TIME has been filed electronically with the Clerk of Court using the CM/ECF system, this 2Oth day of August, 2012 which will send notification of the filing to the below named attorney of record:

Nathaniel Middleton
Attorney for Plaintiff
3951 Snapfinger Parkway, Suite 515
Decatur, Georgia 30035

*/s/ Dominique A. Martinez*
Dominique A. Martinez, Esq.
Georgia Bar No. 430323
Attorney for Defendant

[10]

DeKalb County School District

ALEXANDER & ASSOCIATES
951 Edgewood Avenue, N.E.
Atlanta, Georgia 30307
(404) 614—0001 TELEPHONE
(404) 614—0009 FACSIMILE

[11]